ANTHONY E. GOLDSMITH, Esq. (SBN 125621)          NO JS-6
LAW OFFICES OF ANTHONY E. GOLDSMITH
20501 Ventura Boulevard, Suite 272
Woodland Hills, CA  91364
Telephone: (213) 471-2096
Facsimile:   (213) 596-8906
AEGOLDLAW@aol.com
Attorneys for Plaintiff
MARCUS A. YORK

STEPHANIE P. ALEXANDER, Esq. (SBN 205701)
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, CA  92612
Phone:  (949) 255-6950
Fax:  (949) 474-2060
SALEXANDER@Gordonrees.com
Attorneys for Defendants TROUBADOUR
ENTERPRISES INC., a California corporation; and
THE KARAYAN FAMILY TRUST

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. YORK, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>TROUBADOUR ENTERPRISES INC., a California corporation; THE KARAYAN FAMILY TRUST; and DOES 1-10, inclusive,<br>                    Defendants. | Case No**.   2:11-CV-01534-MMM(FMOx)**<br><br>**CONSENT DECREE AND [PROPOSED] ORDER**<br><br>Judge:  Honorable Margaret M. Morrow |

TO   THE   COURT,   ALL   INTERESTED   PARTIES   AND   ATTORNEYS   OF RECORD:

1.      Plaintiff MARCUS A. YORK filed this action (now known as Case No. 2:11-CV-01534-MMM-FMO) against Defendants seeking injunctive relief and money damages for, *inter alia*, alleged violations of the Americans with Disabilities Act of 1990 (the "ADA") and corresponding state law claims in connection with the restaurant owned and/or operated

1   by Defendants and located at 9081 West Santa Monica Blvd., Los Angeles, California (the

2   "Facility" or "Property"). The above Action was originally filed in the Superior Court for the

3   State of California on December 21, 2010 as Case No. BC451616 and was removed to the

4   United States District Court for the Central District of California on February 18, 2011.

5        2.    Defendants and Plaintiff (collectively sometimes referred to herein as the

6   "Parties" or separately as a "Party") wish to settle the portion of the cases relating to issues

7   of injunctive relief and hereby desire to enter into this Consent Decree.  The Parties do not

8   intend that this Consent Decree should in any way be used to serve as an admission that

9   either the work to be completed or any other work at the Property is "readily achievable" or

10  otherwise required by the ADA or other federal or state laws or regulations.  The Parties

11  hereby enter into this Consent Decree and Order for the purpose of resolving certain

12  specified aspects of the lawsuit without the need for protracted litigation, and without the

13  admission of any liability on the part of Defendants as to the amount of damages, costs of

14  suit or attorneys' fees to which Plaintiff alleges he is entitled.

15  **JURISDICTION:**

16       3.    The Parties agree that the Court has jurisdiction of this matter for alleged

17  violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.* and

18  pursuant to supplemental jurisdiction under 28 U.S.C. §1367(a) for alleged violations of

19  *California Civil Code* §§ 51, 52, 54, 54.1 and 54.3; and

20       4.    In order to avoid the costs, expense, and uncertainty of protracted litigation, the

21  Parties agree to entry of this Consent Decree and Order to resolve all claims regarding

22  injunctive relief raised in the above-entitled Action.  Accordingly, the Parties agree to the

23  entry of the proposed Order related to this Consent Decree without trial or further

24  adjudication of the issues addressed herein.

25  **NO DISMISSAL OF ACTION REQUESTED:**

26       5.    As noted herein, monetary issues are still at issue and accordingly the Parties

27  do not request that the Honorable Court dismiss the action as these issues may still proceed

28  to trial.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6.     This Consent Decree and Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaint.

7.     The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines (Appendix A to 28 CFR Part 36), unless other standards are specifically agreed to in this Consent Decree and Order.

8.     Remedial Measures:   The corrective work agreed upon by the Parties is attached here to as Exhibit "A".   Defendants agree to undertake all of the remedial work set forth therein.

9.     Timing of Injunctive Relief:   Exhibit "A" also includes the timeframe for completing the work described therein.   In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief within the timeframes specified, Defendants or their counsel will notify Plaintiff's counsel in writing within fifteen (15) days of discovering any such difficulties.   Defendants, or their counsel, will promptly notify Plaintiff's counsel when the corrective work is complete, and in any case, will provide a status report on or before February 15, 2012.

10.     If Plaintiff contends any or some portion of the corrective construction work to be completed under Consent Decree has not been carried out correctly, Plaintiff will provide written notice to Defendants via their counsel detailing in what respects Plaintiff contends the Facility is non-compliant.   Within fourteen (14) calendar days of receiving this notice, Defendants will respond to said notice.   If the Parties are unable to agree upon a course of action, they will hold a meet and confer within thirty (30) calendar days of Plaintiff's written

notice and will use their best efforts to resolve the dispute informally.  If the Parties are still unable to agree, they will submit the matter to the judge then-assigned to the case.

**ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:**

11.     The Parties have not reached an agreement regarding either of the Plaintiff's claim for damages, attorneys' fees, litigation expenses and costs in the Action (collectively, the "Unresolved Issues").   These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court.  Should the Parties later reach an agreement regarding the Unresolved Issues; the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a waiver of Plaintiff's past, present or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses or costs in connection with each of their alleged losses, costs, damages, claims and causes of action as set forth in each of the operative Complaint or otherwise.

**ENTIRE CONSENT ORDER:**

12.     This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing Parties on all matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

13.     This Consent Decree and Order shall be binding on Plaintiff and Defendants and any of any of their successors in interest, heirs and assigns, or any them, and each of their respective successors in interest, heirs and assigns or any of them.  The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and

1  Order and each of the Defendants hereby represents and warrants that they shall inform each
2  of their successors and assigns, including any person or entity acquiring an interest in the
3  Facility or the business operated thereat of the terms of this Consent Decree and the fact that
4  it shall be binding upon said successors and assigns.

5  **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO**
6  **INJUNCTIVE RELIEF ONLY:**

7  14.   Except for the obligations set forth in this Consent Decree and Order and the
8  Unresolved Issues, the Parties, on behalf of themselves, their respective agents,
9  representatives, predecessors, successors, heirs, partners and assigns, releases and forever
10  discharges each other Party and all officers, directors, shareholders, subsidiaries, joint
11  venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance
12  carriers, heirs, predecessors, and representatives of each other Party, from all claims,
13  demands, actions, and causes of action of whatever kind or nature, presently known or
14  unknown, arising out of or in any way connected with the current physical condition and/or
15  accessibility of the Property whether or not addressed in the instant action.

16  15.   Each of the Parties understands and agrees that there is a risk and possibility
17  that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer,
18  or experience some further loss or damage with respect to the current condition and/or
19  accessibility of the Property, which are unknown or unanticipated at the time this Consent
20  Decree is entered. Therefore, except for all obligations required in this Consent Decree, and
21  the Unresolved Issues, it is the intent of the Parties that the release set forth in  of this
22  Consent Decree shall apply to and cover any and all claims, demands, actions and causes of
23  action by the Parties with respect to the current physical condition of the Property and any or
24  all improvements thereon, whether the same are known, unknown or hereafter discovered or
25  ascertained, and the provisions of Section 1542 of the California Civil Code are hereby
26  expressly waived.  Section 1542 provides as follows:

27  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
28  THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR

1  HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
2  KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
3  OR HER SETTLEMENT WITH THE DEBTOR.

4  **TERM OF THE CONSENT DECREE AND ORDER:**

5  16.   This Consent Decree and Order shall be in full force and effect for a period of
6  twelve (12) months after the date of entry of this Consent Decree and Order, or until the
7  injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court
8  shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12)
9  months after the date of this Consent Decree, or until the relief contemplated by this Order is
10  completed, whichever occurs later.

11  **SEVERABILITY:**

12  17.   If any term of this Consent Decree and Order is determined by any court to be
13  unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in
14  full force and effect.

15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1    **SIGNATORIES BIND PARTIES:**

2        18.    Signatories on the behalf of the Parties represent that they are authorized to

3    bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be

4    signed in counterparts and a facsimile or e-mail signature shall have the same force and

5    effect as an original signature.

6    Respectfully Submitted,

7

8    Dated:  October __, 2011

9                                            By:_____
10                                           MARCUS A. YORK, Plaintiff

11

12   Dated:  October __, 2011               TROUBADOUR ENTERPRISES INC., a
13                                           California corporation

14                                           By:_____
15                                           Its: General Manager

16

17   Dated:  October __, 2011               THE KARAYAN FAMILY TRUST

18                                           By:_____
19                                               Edward Karayan, Trustee

20

21

22

23                        *{SIGNATURES CONTNUED ON NEXT PAGE}*

24

25

26

27

28

1    APPROVED AS TO FORM:

2    Dated:  October ___, 2011                    LAW OFFICES OF ANTHONY E. GOLDSMITH

3
                                                  By:  /s/. Anthony E. Goldsmith_____
4                                                       ANTHONY E. GOLDSMITH
                                                        Counsel for Plaintiff
5                                                       MARCUS A YORK

6    Dated:  October ___, 2011                    GORDON & REES, LLP

7
                                                  By:_____
8                                                       STEPHANIE ALEXANDER
                                                        Counsel for Defendants
9                                                       TROUBADOUR ENTERPRISES INC., a
                                                        California Corporation and THE KARAYAN
10                                                      FAMILY TRUST

11   **IT IS SO ORDERED.**

12   Dated:   October 19 , 2011

                                                  _____
13                                                      HON. MARGRET M. MORROW
                                                        United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28